```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-20293-Civ-KING
                                      (06-20445-Cr-KING)
                              MAGISTRATE JUDGE P. A. WHITE
RONALD ARRESKJOLD,         :

       Movant,             :

v.                         :         REPORT OF
                                     MAGISTRATE JUDGE
UNITED STATES OF AMERICA,  :

       Respondent.         :
_____
```

Introduction

This matter is before this Court on the movant's motion to vacate pursuant to 28 U.S.C. §2255, attacking his conviction and sentence for conspiracy to commit money laundering, entered following a guilty plea in case no. 06-20445-Cr-King.

The Court has reviewed the letter motion with supporting memorandum and affidavit (Cv-DE#1), as well as, supplements thereto (Cv-DE#s6,11), the government's response with multiple exhibits (Cv-DE#10), the movant's reply (Cv-DE#15), the Presentence Investigation Report (PSI), and all pertinent portions of the underlying criminal file.

Construing the movant's claims liberally as afforded *pro se* litigants, pursuant to Haines v. Kerner, 404 U.S. 419 (1972), the movant appears to raise the following claims:

> A.[1]  He was denied effective assistance of
>        counsel, where his lawyer failed to:

---

[1] For purposes of clarity, the claims are numbered as they appear in the movant's motion.

>    (1) advise the movant of the evidence required by the government to sustain a conviction for money laundering; (2) discuss viable defenses; (3) challenge the ambiguity of the money laundering statute; (4) advise the movant that the issue of the money laundering statute was currently pending before the Supreme Court; and, (5) advise the movant against waiving his right to a direct appeal based on the pendency of the case before the Supreme Court. (Cv-DE#1:6-7).
>
> B.   He was denied effective assistance of counsel, where his lawyer failed to: (1) challenge the ambiguity of the money laundering statute and its definition of "proceeds" and "concealing proceeds," and (2) apprise the movant not to waive his direct appeal right in light of the issues pending before the Supreme Court. (Cv-DE#1:6-7).

<u>Procedural History</u>

The procedural history of the underlying criminal case reveals that the movant was charged with conspiracy to commit money laundering of drug proceeds, in violation of 18 U.S.C. §1956(h), as well as, multiple money laundering charges detailing the movant's thirty-three financial transactions designed to transport drug proceeds and to conceal the nature, source, ownership, and control of those monies (Counts 2 through 35). (Cr-DE#s3,26,47,54). On March 29, 2007, the movant entered into a negotiated written plea agreement, agreeing to plead guilty to Counts 1, 35, and 37 of the Indictment. (Cr-DE#26). Prior to sentencing, the government filed a motion for downward departure which was heard by the court on June 12, 2007. (Cr-DE#s35-36). At that time, the court denied the government's motion, rejected the terms of the plea agreement, and afforded the movant an opportunity to withdraw the plea. (Cr-

DE#36). The court advised the movant to file a status report within thirty days as to whether he would be proceeding to trial or entering into another plea. (Id.). On July 12, 2007, the movant withdrew his guilty plea, pending the parties' continued negotiations of a revised/renewed plea agreement. (Cr-DE#s39-40).

On November 15, 2007, pursuant to the terms of a new, negotiated written plea agreement, the movant agreed to plead guilty to Counts 1, 35, and 37 of the Indictment. (Cr-DE#s47,57). Specifically, the movant again acknowledged that the sentence would be imposed by the court after considering the advisory guideline sentence. (Cr-DE#47:2). The movant further acknowledged that the court may depart from the applicable advisory guideline range and impose a sentence that is either more or less severe than the guideline sentence. (Id.). The movant agreed that the court was required to consider the advisory guideline sentence, but was not bound to impose such a sentence. (Id.). Rather, the court was permitted to tailor the ultimate sentence in light of other statutory concerns, and that the court could ultimately impose a more severe or less severe sentence than the advisory guideline sentence. (Id.).

Regarding his sentence exposure, the movant acknowledged that as to Counts 1 and 35, he faced a statutory maximum of up to 20 years in prison, and as to Count 37, he faced a maximum of 5 years in prison. (Id.:3). The parties jointly agreed, although not binding on the probation office or the court, to recommend that the total adjusted offense level, before acceptance of responsibility, was a level 36. (Id.:4). The movant also acknowledged his right to appeal the sentence imposed pursuant to 18 U.S.C. §3742, however, he agreed to waive the right to appeal any sentence imposed, or the manner in which the sentence was imposed, unless the sentence

exceeds the maximum permitted by statute or is the result of an upward departure from the guideline range the court establishes at sentencing. (Id.:8).

In exchange, the government agreed to dismiss the remaining counts at sentencing. (Id.:1-2). The government also agreed to recommend that the movant's base offense level be reduced up to three levels based on the movant's timely acceptance of responsibility, and that the movant be sentenced to the low end of the guideline range determined by the court. (Id.:4).

Prior to sentencing, a PSI was prepared which reveals as follows. The PSI calculated the movant's initial base offense level at 8, pursuant to U.S.S.G. §2S1,1, but it was increased 18 levels pursuant to U.S.S.G. §2B1.1 based on the value of the laundered funds. (PSI ¶27). An additional 12 levels were added because the movant knew the funds were the proceeds of or intended to promote the manufacture, importation, or distribution of a controlled substance; he was in the business of laundering funds, and the laundering involved sophisticated means, resulting in an adjusted offense level 38. (PSI ¶¶28-30). Three levels were then removed based on the movant's timely acceptance of responsibility, resulting in a total adjusted offense level 35. (PSI ¶¶36-38).

The probation officer next determined that the movant had a total of zero criminal history points, resulting in a criminal history category I. (PSI ¶41). A total adjusted base offense level 35 and a criminal history category I, resulted in a guideline range of 168 to 210 months in prison. (PSI ¶81). Statutorily, the movant faced as to Counts 1 and 35, a minimum of zero and up to 20 years in prison pursuant to 18 U.S.C. §1956(a), and as to Count 37, he faced zero to five years in prison pursuant to 18 U.S.C. §1960(a).

4

(PSI ¶80). Prior to sentencing, movant's counsel filed a letter with the probation department, objecting to numerous enhancements contained in the PSI. (Cv-DE#10:Ex.E).

On January 16, 2008, the movant appeared for sentencing. (Cv-DE#10:Ex.J-Sentencing Transcript). At that time, the parties agreed and the court accepted that, contrary to the probation officer's initial recommendation, the total offense level should be a level 33, with a criminal history category I, resulting in an advisory guideline range of 135 to 168 months in prison. (Id.:2-3). Moreover, the parties also stipulated and agreed that the total forfeiture amount would be $250,000.00. (Id.:5-6).

The court then heard the government's recommendation regarding its motion for downward departure based on substantial assistance. (Id.:6). The government recommended that the court reduce the total sentence by 27 months, bringing it down to 108 months. (Id.). After hearing argument from movant's counsel for consideration of a lower sentence given the movant's age, lack of prior criminal involvement, and health condition, the court indicated it was not inclined to go lower than the government's recommendation, especially as the amount of laundered funds was in excess of $5 million dollars. (Id.:9). Thereafter, the court granted the government's motion and sentenced the movant to a total term of 108 months in prison, followed by two years supervised release. (Id.:10-11; Cr-DE#54). The judgment was entered by the Clerk on January 17, 2008. (Cr-DE#54). No direct appeal was filed.

For purposes of the AEDPA's federal one-year limitations period, the judgment became final at the latest on February 1, 2008, ten days after the entry of judgment, when time expired for

5

filing a notice of appeal.[2] At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than February 1, 2009. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was timely filed by the movant on January 27, 2008.[3] (Cv-DE#1).

## Discussion of Claims

As will be demonstrated in more detail *infra*, the movant is not entitled to vacatur on any of the claims presented.[4] When viewing the evidence in this case in its entirety, the alleged errors raised in this collateral proceeding, neither individually nor cumulatively, infused the proceedings with unfairness as to deny the movant a fundamentally trial and due process of law. The movant therefore is not entitled to habeas corpus relief. See Fuller v. Roe, 182 F.3d 699, 704 (9 Cir. 1999)(holding in federal habeas corpus proceeding that where there is no single constitutional error existing, nothing can accumulate to the level

---

[2] Where, as here, a defendant does not pursue a direct appeal, his conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6).

[3] See: Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

[4] Briefly, the evidence against the movant was more than sufficient to support his convictions. The movant has not shown that the result of the trial or appeal would have been affected had counsel proceeded differently. In other words, no deficient performance or prejudice pursuant to Strickland has been established arising from any of the claims raised in this collateral proceedings, nor has a denial of due process been demonstrated. To the contrary, it is clear after independent review of the record that the movant received a fair trial, and that no constitutional violations occurred. Consequently, he has failed to demonstrate that he is entitled to habeas corpus relief in this collateral proceeding.

of a constitutional violation), overruled on other grounds, Slack v. McDaniel, 529 U.S. 473, 482 (2000). See also United States v. Rivera, 900 F.2d 1462, 1470 (10 Cir. 1990)(stating that "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect."). Contrary to the movant's apparent assertions, the result of the proceedings were not fundamentally unfair or unreliable. See Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

Here, the movant challenges counsel's effectiveness for numerous reasons. In order to prevail on a claim of ineffective assistance of counsel, the movant must establish: (1) deficient performance - that his counsel's representation fell below an objective standard of reasonableness; and (2) prejudice - but for the deficiency in representation, there is a reasonable probability that the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Chandler v. United States, 218 F.3d 1305 (11th Cir. 2000)(*en banc*). The standard is the same for claims of ineffective assistance on appeal. Matire v. Wainwright, 811 F.2d 1430, 1435 (11 Cir. 1987). A court may decline to reach the performance prong of the standard if it is convinced that the prejudice prong cannot be satisfied. Id. at 697; Waters v. Thomas, 46 F.3d 1506, 1510 (11 Cir. 1995).

In the case of ineffective assistance during the punishment phase, prejudice is established if "there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been significantly less harsh." Spriggs v. Collins, 993 F.2d 85, 88 (5th Cir. 1993); United States v. Bartholomew, 974 F.2d 39, 42 (5th Cir. 1992). A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. The court need not

address both prongs of the Strickland standard if the complainant has made an insufficient showing on one. Id. at 697. However, a movant must establish that the sentence was increased due to counsel's deficient performance. Glover v. United States, 531 U.S. 198, 203-204 (2001).

In the context of a case in which guilty pleas or the equivalent were entered, application of the second prong of the two-prong Strickland standard requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Moreover, review of counsel's conduct is to be highly deferential. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11 Cir. 1994), and second-guessing of an attorney's performance is not permitted. White v. Singletary, 972 F.2d 1218, 1220 ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight."); Atkins v. Singletary, 965 F.2d 952, 958 (11 Cir. 1992). Because a "wide range" of performance is constitutionally acceptable, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.2d 384, 386 (11 Cir. 1994).

Finally, although the sentencing process may be reviewed by the district court on a §2255 motion, the severity of a sentence within statutory limits may not be reviewed because it raises no constitutional or statutory question. Kett v. United States, 722 F.2d 687, 690 (11th Cir. 1984); see also, Nelson v. United States, 709 F.2d 39, 40 (11th Cir. 1983)(citing, United States v. Diaz, 662 F.2d 713, 719 (11th Cir. 1981); United States v. Becker, 569 F.2d

8

951, 965 (5th Cir.), cert. denied, 439 U.S. 865 (1978), United States v. White, 524 F.2d 1249, 1254 (5th Cir. 1975), cert. denied, 426 U.S. 922 (1976).); See also Williams v. Alabama, 403 F.2d 1019, 1020 (5th Cir. 1968)(§2254 habeas case)(sentence within statutory limit is generally not subject to constitutional attack); Castle v. United States, 399 F.2d 642, 652 (5th Cir.1968) (§2255 case)(sentence within statutory limit is not reviewable on appeal and does not amount to a constitutional violation). These former Fifth Circuit decisions are controlling authority in this circuit. Bonner v. City of Prichard, Alabama, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*).

In **claim A,** the movant asserts that he was denied effective assistance of counsel, where his lawyer failed to: (1) advise the movant of the evidence required by the government to sustain a conviction for money laundering; (2) discuss viable defenses; (3) challenge the ambiguity of the money laundering statute; (4) advise the movant that the issue of the money laundering statute was currently pending before the Supreme Court; and, (5) advise the movant against waiving his right to a direct appeal based on the pendency of the case before the Supreme Court. (Cv-DE#1:6-7). In **claim B**, the movant again asserts that he was denied effective assistance of counsel, where his lawyer failed to: (1) challenge the ambiguity of the money laundering statute and its definition of "proceeds" and "concealing proceeds," and (2) apprise the movant not to waive his direct appeal right in light of the issues pending before the Supreme Court. (Id.).

The litany of the movant's complaints as to counsel's representation prior to the change of plea proceeding were waived by the movant's knowing and voluntary guilty plea. The law is clear that a movant waives his right to contest all nonjurisdictional

9

defects and defenses, when he enters a knowing and voluntary guilty plea to the violation. Where a criminal defendant enters a knowing, voluntary, and intelligent plea of guilty to an offense or offenses, he waives, or more accurately, forfeits all non-jurisdictional defects and defenses. See Smith v. United States, 447 F.2d 487, 488 (5th Cir. 1971), citing, Hayes v. Smith, 447 F.2d 488 (5th Cir. 1971); see also, Wilson v. United States, 962 F.2d 966 (11th Cir. 1992); United States v. Broce, 488 U.S. 563 (1989); United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000), citing, United States v. Smallwood, 920 f.2d 1231, 1240 (5th Cir. 1991). "This includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." Id. To enter into a voluntary plea, the defendant must understand the law in relation to the facts. McCarthy v. United States, 394 U.S. 459 (1969).

In this case, review of the record confirms that the movant's plea was knowing and voluntary. To ensure that a plea is voluntary and knowing, Fed.R.Cr.P. 11(b)(1) states that "the court must address the defendant personally in open court before accepting the plea and inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading." Gordon v. United States, 496 F.3d 1270, 1277 (11th Cir. 2007). The rule imposes upon a district court the obligation and responsibility to conduct a searching inquiry into the voluntariness of a defendant's guilty plea. Id. (citations omitted).

Thus, "[a] court accepting a guilty plea must comply with Rule 11 and specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the

10

consequences of his plea." <u>United States v. Moriarty</u>, 429 F.3d 1012, 1019 (2005). In <u>Moriarty</u>, the Eleventh Circuit specifically held as follows:

> [t]o ensure compliance with the third core concern, Rule 11(b)(1) provides a list of rights and other relevant matters about which the court is required to inform the defendant prior to accepting a guilty plea, including: the right to plead not guilty (or persist in such a plea) and to be represented by counsel; the possibility of forfeiture; the court's authority to order restitution and its obligation to apply the Guidelines; and the Government's right, in a prosecution for perjury, to use against the defendant any statement that he gives under oath.

<u>Id</u>.

Review of the change of plea proceedings reveals that the court conducted a thorough Rule 11 proceeding. (Cr-DE#57-Transcript Change of Plea). At that time, the movant acknowledged under oath[5] that he was satisfied with counsel's representation, and that he had discussed the indictment and the nature of the charges and possible defenses with counsel prior to the change of plea. (<u>Id</u>.:5-6,9). The court advised and the movant acknowledged understanding the nature of the charges, and the potential consequences of entering a guilty plea. (<u>Id</u>.). The movant also denied being forced, threatened or coerced into changing his plea. (<u>Id</u>.:6). The movant further denied that any promises, other than those contained in the

---

[5]The law is clear that "solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977); <u>United States v. Rogers</u>, 848 F.2d 166, 168 (11th Cir. 1988). The subsequent presentation of conclusory allegations, unsupported by specifics, is subject to summary dismissal, as are contentions which in the face of the record are wholly incredible. <u>Machibroda v. United States</u>, 368 U.S. 487 (1962).

written plea agreement, had been made to induce him to plead guilty. (Id.:6-7). Finally, the movant confirmed knowing that by entering into the plea he was waiving his constitutional rights to a jury trial and to confront and present witnesses. (Id.:8-9).

Factually, the government proffered that from August 1997 to March 2004, he conspired with others in the United States and abroad to receive a total of $5 million dollars in drug trafficking proceeds. He took these monies and deposited it into bank accounts he controlled, and then disbursed the funds from his account to others. By doing so, he concealed the nature of the drug proceeds in order to make the transaction appear legitimate. The movant further used wire transfer to transmit the funds to others in the United States and abroad, despite knowing he needed to be a licensed remitter to perform wire transfers.

On the record before this court, it is evident that the movant understood the facts and the elements of the offense upon which the charge rested. Moreover, by way of entering into the negotiated plea agreement, the movant was telling his lawyer not to conduct any further investigation and not present at a trial proceeding any legal defenses that he may be entitled to as it relates to his case. Under these circumstances, no showing has been made that the plea was anything but knowing and voluntary.

Thus, by entering in to a knowing and voluntary plea, the movant waived all nonjurisdictional defects and defenses. He is therefore barred from pursing these claims. Under these circumstances, no showing has been made that counsel was deficient or that the movant suffered prejudice therefrom. See Strickland, supra. Consequently, the movant's generalized allegations in this collateral proceeding are clearly refuted by the record. The plea

was valid and entered knowingly and voluntarily after a through Rule 11 proceeding. Thus, for the reasons previously expressed in this Report, the movant is not entitled to relief on these claims.

Regarding his assertions that counsel failed to advise him and/or otherwise challenge the ambiguity of the money laundering statute, and the fact that challenges to that statute were currently pending before the Supreme Court, such arguments also fail on the merits. (Cv-DE#1:6-7). Specifically, the movant claims that in light of United States v. Santos, 128 S.Ct. 2020 (2008), he is actually innocent of the charge to which he pleaded guilty. (Cv-DE#15:3). In support thereof, the movant contends that although he pleaded guilty to an 18 U.S.C. §1956(h) violation, he was sentenced under the substantive offense of money laundering, in violation of 18 U.S.C. §1956(a)(2)(B)(I). As such, according to the movant, Santos is applicable because 18 U.S.C. §1956(a)(2)(B)(I) refers to the term "proceeds." (Id.).

In Santos, the Supreme Court construed an ambiguity in the federal money-laundering statutes in favor of the defendants and overturned their convictions. United States v. Santos, __ U.S. __, 128 S.Ct. 2020 (2008). At issue was whether the term "proceeds" as employed throughout the statute meant "receipts" or "profits." See id. at 2024. Because the defendants had been convicted for transactions involving the receipts of illegal activity that were not the profits of that activity, the definition of the term was central to the validity of their convictions. Writing for the majority, Justice Scalia noted that profits and receipts were both accepted synonyms for proceeds, and that the rule of lenity required the resolution of this ambiguity in favor of the defendants. See id. at 2025.

13

It should be noted that the Supreme Court has not made the <u>Santos</u> decision retroactively applicable to cases on collateral review, and this Court is unable to find a single case in which the <u>Santos</u> decision has been found to apply retroactively. To the contrary, courts that have considered the issue have found that it is not retroactively applicable to cases on collateral review or have otherwise not decided the issue. See e.g., <u>Vaughan v. United States</u>, 2008 WL 2945449 (W.D.N.C. 2008) (holding that the Santos decision cannot be applied retroactively in collateral proceedings or otherwise); <u>Johan v. United States</u>, 2009 WL 210709 (W.D.Wash. 2009)(assumed without deciding that Santos is retroactively applicable to cases on collateral review); <u>United States v. Iacaboni</u>, 592 F.Supp.2d 216 (D.Mass. 2009) (recognizing that the Supreme Court has not held that Santos applies retroactively on collateral review.). Therefore, because it appears that <u>Santos</u> is not retroactive, the movant is procedurally barred from raising a <u>Santos</u> claim in this collateral proceeding.

However, even if <u>Santos</u>, is found to be retroactively applicable, he is nonetheless barred from raising the claim because at the time of his conviction and sentence, <u>Santos</u> had not been decided. As will be recalled, the movant's conviction became final in February 2008. <u>Santos</u> was decided on June 2, 2008, almost four months later. Moreover, to the extent he faults counsel for failing to pursue the issue, it is well established law in the Eleventh Circuit that it is not ineffective assistance for an attorney to fail to foresee a change in the law. See, <u>United States v. Ardley</u>, 273 F.3d 991 (11th Cir. 2001)(denial of suggestion for rehearing en banc)(our circuit law completely forecloses the contention that an attorney's failure to anticipate the <u>Apprendi</u> decision is ineffective assistance); <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1039 (11th Cir. 1994)("We have held many times that '[r]easonably

14

effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop.'"). Counsel was not ineffective for failing to foresee the development in the law. Under these circumstances, the movant cannot establish prejudice pursuant to Strickland arising from counsel's failure to raise a Santos claim.

To the extent the movant argues that he is actually innocent, this claim is also meritless. A habeas petitioner attempting to establish "actual innocence" must meet a high standard. Bousley v. United States, 523 U.S. 614 (1998). He must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, supra at 623, quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995). The Court emphasized that actual innocence means factual innocence, not mere legal insufficiency.  Id.  See also High v. Head, 209 F.3d 1257 (11th Cir. 2000); Lee v. Kemna, 213 F.3d 1037, 1039 (8th Cir.2000); Lucidore v. New York State Div. of Parole, 209 F.3d 107 (2d Cir. 2000)(citing Schlup v. Delo, 513 U.S. 298, 299, (1995); Jones v. United States,153 F.3d 1305 (11th Cir. 1998)(holding that appellant must establish that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324. All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316. No such showing has been made here, and in fact, the movant's protestations of innocence are refuted by the record. Under these circumstances, counsel was not ineffective for failing to pursue this

15

nonmeritorious claim.

Moreover, the movant's argument that he did not understand the meaning of the term "proceeds" as it relates to money laundering drug proceeds thus rendering his plea involuntary, also fails. The Eleventh Circuit has rejected this precise argument, finding that the Santos holding has "limited precedential value," and therefore it would not extend that holding to a money laundering case in which the proceeds came from drug trafficking. United States v. Demarest, 570 F3d 1232 (11th Cir. 2009). Specifically, the Eleventh Circuit held that "[W]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, 'the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds....' " The narrow holding in Santos, at most, was that the gross receipts of an unlicensed gambling operation were not "proceeds" under section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation. The evidence instead established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking." Id. (quoting Marks v. United States, 430 U.S. 188, 193 (1977)). Thus, it appears that Santos does not apply to cases such as the movant's, where the proceeds involved were from drug trafficking.

Finally, the movant's request for an evidentiary hearing on his claims of ineffective assistance of counsel should be denied. A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations or affirmatively contradicted by the record. See Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). As previously discussed in this

16

Report, the claims raised are unsupported by the record or without merit. Consequently, no evidentiary hearing is required.

## Conclusion

It is therefore recommended that this motion to vacate sentence be denied in its entirety.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 12th day of February, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Ronald Aareskjold, Pro Se
    Reg. No. 28448-050
    L.S.C.I.-Butner
    P.O. Box 999
    Butner, NC 27509

    Thomas J. Pinder, AUSA
    U.S. Dept. of Justice
    Asset Forfeiture & Money Laundering Section
    1400 New York Avenue, N.W.
    Suite 10100
    Washington, DC 20530