UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-20293-CV-KING
(06-20445-CR-KING)

RONALD ARRESKJOLD,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY

THIS CAUSE comes before the Court upon Petitioner's Motion for Certificate of Appealability (DE #20). Petitioner argues that the certificate should be issued on two issues: 1) Whether Petitioner received ineffective assistance of counsel, and 2) whether Petitioner procedurally defaulted his claim that his guilty plea was involuntary and unintelligent.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Petitioner has failed to make this showing.

As to the first issue, Petitioner contends that it is debatable whether the holding in *United States v. Santos*, 128 S. Ct. 2020 (2008), applies to Petitioner's case. It is not debatable. The Eleventh Circuit in *United States v. Demarest*, 570 F.3d 1232, 1242 (11th Cir. 2009), has squarely addressed this issue and held that *Santos* does not apply to the proceeds of illegal drug

1

trafficking. *See id.* ("The narrow holding in *Santos*, at most, was that the gross receipts of an unlicensed gambling operation were not 'proceeds' under section 1956, but there is no evidence that the funds Demarest laundered were gross receipts of an illegal gambling operation. The evidence instead established that the laundered funds were the proceeds of an enterprise engaged in illegal drug trafficking.").[1] This view comports with the holding of every circuit to have addressed the issue. Petitioner suggests that this Court should ignore *Demarest* because it is inconsistent with Supreme Court precedent. However, *Demarest* is entirely consistent with *Santos*'s narrow holding. The other statements cited by Petitioner concerning the implications of the holding (and the reference to *Clark v. Martinez*) were merely dicta and were not joined by a majority of the Justices. Moreover, even if *Demarest* were somehow inconsistent with Supreme Court precedent, this Court would still be bound to follow it.[2] Therefore, Petitioner's claim is clearly foreclosed by controlling law, and is not debatable among reasonable jurists.

As to the second issue, Petitioner contends that it is debatable whether he procedurally defaulted his claim that his guilty plea was involuntary and unintelligent. It is not debatable. First, Petitioner claims that he did not waive his right to appeal. This is immaterial. His waiver of appeal based upon possible misinformation about the elements of the charge was the very thing that satisfied the "cause" requirement of the "cause and prejudice" standard. Thus, without the waiver, Petitioner cannot even establish the first prong of an exception to procedural default. Moreover, even if he did not waive his right to appeal, and his lawyer was ineffective by failing to file a timely Notice of Appeal, Petitioner cannot satisfy the prejudice requirement because, as

---

[1] This view was recently reaffirmed. *See King v. Keller,* 2010 U.S. App. LEXIS 7376, *8 (11th Cir. Apr. 7, 2010) ("Thus, because King's offense conduct was totally unrelated to illegal gambling, *Santos* is inapplicable to his case.").

[2] Petitioner's reference to *Moreland v. United States*, 129 S. Ct. 997 (2009), wherein the Supreme Court vacated a Ninth Circuit decision and remanded for reconsideration in light of *Santos*, is immaterial. The Supreme Court routinely issues such orders when announcing potentially new precedent, and such an order provides no indication that the Justices believe that *Santos* applies to Petitioner's case.

noted above, *Santos* did not change the law with respect to Petitioner's case. Finally, even assuming that Petitioner has met an exception to procedural default, Petitioner still cannot prevail on the merits because his plea was voluntary and intelligent. *Santos* did not change the definition of the criminal offense to which Petitioner plead guilty, and therefore Petitioner understood the contours of his guilty plea. Thus, this claim is also foreclosed by clearly controlling law, and is not debatable among reasonable jurists.

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Petitioner's Motion for Certificate of Appealability (DE #20) be, and the same is hereby **DENIED.**

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 18th day of June, 2010.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE

Cc:
**Counsel for USA**
Anne Ruth Schultz
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9117
Fax: 530-7941
Email: anne.schultz@usdoj.gov
TERMINATED: 02/17/2009
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Thomas Pinder
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
202-514-8171
Fax: 202-616-2547
Email: Thomas.Pinder@usdoj.gov
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

**Counsel for Petitioner**
Ronald Aareskjold
Reg. No. 28448-050
LSCI - Butner
P.O. Box 999
Butner, NC 27509
PRO SE